Matter of Hilda Geffen Trust. (2019 NY Slip Op 03338)





Matter of Hilda Geffen Trust.


2019 NY Slip Op 03338


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2017-11300

[*1]In the Matter of Hilda Geffen Trust. L. Bonnie Reiffel, etc., et al., petitioners-respondents; Elizabeth R. Grant, etc., et al., objectants-appellants. (File No. 2632/08)


McCarthy Fingar, LLP, White Plains, NY (Frank W. Streng of counsel), for objectants-appellants.
Kurzman Eisenberg Corbin & Lever, LLP, New York, NY (Lawrence S. Blumberg of counsel), for petitioners-respondents L. Bonnie Reiffel, James A. Reiffel, and Gerald & Lawrence Blumberg, LLP, and Morea Schwartz Bradham Friedman & Brown LLP, New York, NY (Thomas A. Brown II of counsel), for petitioner-respondent Orans, Elsen, Lupert & Brown, LLP (one brief filed).



DECISION & ORDER
In a proceeding to judicially settle certain accounts, the objectants appeal from an order of the Surrogate's Court, Westchester County (Robert A. Onofry, A.S.), dated August 17, 2017. The order, insofar as appealed from, after a hearing, determined that, inter alia, the settlement agreement entered into between the petitioners and the objectants on August 19, 2011, was a valid and enforceable contract, and deemed resolved and settled all issues that were previously contested or objected to, or could have been contested or objected to, up to the effective date of the settlement agreement.
ORDERED that the order is affirmed insofar as appealed from, with costs payable personally by the objectants.
In this accounting proceeding, the Surrogate's Court directed a limited-issue hearing to determine the validity of a settlement agreement entered into between the petitioners and the objectants on August 19, 2011, in light of allegations of coercion and intimidation made by the objectants.
We agree with the Surrogate's Court that the objectants' admissions that they willingly executed the settlement agreement and were not under any mental disability when they did so obviates any claim that they have raised or could raise with respect to the payment of certain attorneys' fees made pursuant to the terms of the settlement agreement, in which they agreed that they did not object to the payment of said fees (see e.g. Matter of Cagney , 232 AD2d 481; cf. CPLR 2104).
The objectants' remaining contentions are without merit.
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court